# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 1027 | **DATE** | 8/18/2001 |
| **CASE TITLE** | Rail vs. Columbia Casualty Co. | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Sperry's motion for partial summary judgment is granted (11-1), and Columbia's motion for partial summary judgment (15-1) is denied. The case is set for a status hearing on 8/30/01 at 9:30 a.m., at which time the Court will expect the parties to advise the Court whether this ruling is dispositive of the case, or if not, what remains to be litigated.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **3** number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | AUG 2 1 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | 27 |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | AUG 2 1 2001 | |
| OR | courtroom deputy's initials | CD-7 LED FOR DOCKETING 01 AUG 20 PM 4: 27 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SPERRY RAIL, INC.,       )
             )
     **Plaintiff,**      )
             )
vs.             )    **Case No. 01 C 1027**
             )
COLUMBIA CASUALTY COMPANY,   )
             )
     **Defendant.**      )

[illegible stamp]

AUG 2 1 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

  Sperry Rail, Inc., a Delaware corporation headquartered in Greenwich, Connecticut, uses testing cars to provide rail testing services to railroad companies. Some of the cars are designed to remain on the tracks at all times. Others, known as "High Railers," can travel both on roads and train tracks. "High Railers" are trucks modified with testing equipment and steel railroad wheels which are lowered onto the railroad tracks. Sperry personnel often take them off the tracks at night in order to travel by road to a motel.

  On October 1, 1999, Columbia Casualty Company, an Illinois corporation with its principal place of business in Chicago, issued to Sperry a Comprehensive Railroad Property Insurance Policy which was to run until April 1, 2000. Attached to the policy was an endorsement entitled "RAILROAD ROLLING STOCK & EQUIPMENT," which included the following language:

     A.   PROPERTY COVERED:
       This policy covers rolling stock or equipment belonging to the Named Insured
       or for which the Named Insured may be liable.

B.   COVERED CAUSES OF LOSS:
Risks of direct physical loss or damage to Covered Property except those causes of loss listed in the Exclusions.

C.   PROPERTY NOT COVERED:
We do not cover the following property, except as provided under A: Property Covered:

...

2.   Owned, leased, used or operated aircraft, aircraft parts and/or marine equipment motor vehicles designed for highway use or watercraft.

...

Pltf. Ex. C.

On February 16, 2000, one of Sperry's High Railer Cars was damaged in an accident on a highway in Texas. Sperry submitted to Columbia a claim for property damage and business interruption losses resulting from the accident. Columbia denied coverage, stating that because the accident occurred on a highway instead of a railway, the High Railer Car did not constitute covered "rolling stock or equipment" at the time of the accident. Columbia also contended that the High Railer Car was not covered because it was a motor vehicle. This lawsuit followed. Both sides have moved for summary judgment on the issue of coverage.

**Discussion**

Summary judgment is appropriate when there are no genuine issues of material fact and when the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. In addressing a motion for summary judgment, the Court views all facts and draws all inferences in a light favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). In this case, there appear to be no real issues of material fact; the

dispute concerns the construction of the insurance policy.

Because we have this case by virtue of diversity jurisdiction, we apply the choice of law rules of the forum state, Illinois. *Jupiter Aluminum Corp. v. Home Insurance Co.*, 225 F.3d 868, 873 (7th Cir. 2000). Illinois employs the "most significant contacts" test to determine what state's law should govern. *Id.* Under that test,

> Absent an express choice of law, insurance policy provisions are generally governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract.

*Lapham-Hickey Steel Corp. v. Protection Mutual Insurance Co.*, 166 Ill.2d 520, 526-27, 655 N.E.2d 842, 845 (1995) (quoting *Hofeld v. Nationwide Life Insurance Co.*, 59 Ill.2d 522, 528, 322 N.E.2d 454 (1975)).

Under the *Lapham-Hickey* standard, Connecticut law applies to this case. The location of the accident in Texas is given little weight in the choice of law decision because Sperry's cars are located not just in Texas but throughout the United States and Canada. *Jupiter*, 225 F.3d at 873. Because Sperry's cars are located throughout the United States and Canada, Sperry's headquarters in Connecticut has special significance under the "most significant contacts test" because it is the place which ties the multi-state operations together. *See Emerson Electric Co. v. Aetna Casualty & Surety Company*, 319 Ill. App. 3d 218, 235 743 N.E.2d 629, 642 (2001). The contract was delivered to Sperry's headquarters in Connecticut. And, the last act giving rise to a contract, which usually occurs in "the state where the policy is delivered and the premiums are paid," took place in Connecticut. *Emerson*, 319 Ill. App. 3d at 233, 743 N.E.2d at 641 (quoting 4 Appleman on Insurance 2d §21.6, at 278 (1998)). The place of performance usually is determined by the place where

the parties intended the claim to be paid. *Emerson,* 319 Ill. App. 3d at 233-34, 743 N.E.2d at 641. Since that intention is not clear in the present case, this Court will look to the state where the insured is located: Connecticut. *Id.* at 234, 743 N.E.2d at 641. In sum, under *Lapham-Hickey,* Connecticut law applies.

In Connecticut, the terms of an insurance policy are construed according to the normal rules of contract construction. *Heyman Associates No. 1 v. Insurance Co. of State of Pennsylvania,* 231 Conn. 756, 769-70, 653 A.2d 122, 130 (1995). The main issue to consider is what the parties to the contract intended, that is, what Sperry was to receive and what Columbia was to provide through the insurance policy. *Id.* at 770, 653 A.2d at 130. "If the terms of the policy are clear and unambiguous, then the language, from which the intention of the parties is to be deduced, must be accorded its natural and ordinary meaning." *Id.* Language is considered ambiguous when it is reasonably susceptible to more than one interpretation. *Metropolitan Life Insurance Co. v. Aetna Casualty and Surety Co.,* 255 Conn. 295, 305, 765 A.2d 891, 897 (2001). "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity, and words do not become ambiguous simply because lawyers or laymen contend for different meanings." *Schultz v. Hartford Fire Insurance Co.,* 213 Conn. 696, 703, 569 A.2d 1131, 1135 (1990) (quoting *Downs v. National Casualty Co.,* 146 Conn. 490, 494-95, 152 A.2d 316, 319 (1959)).

The meaning of "rolling stock or equipment" is not ambiguous. Its ordinary definition is "the equipment available for use as transportation, as automotive vehicles, locomotives, or railroad cars, owned by a particular company or carrier." *American Heritage Dictionary of the English Language* 1510 (4th ed. 2000). There is nothing to indicate that the parties intended to depart from this definition in the insurance policy issued by Columbia.

4

Both Sperry and Columbia agree that the High Railer Car constituted rolling stock when it operated on the railway; their dispute concerns whether it constituted rolling stock at the time of the accident on the highway. Columbia argues, and it is true, that while on the highway, the High Railer Car was operating as a motor vehicle. But a motor vehicle still constitutes rolling stock under the ordinary definition of that term.

It is true, as Columbia argues, that the High Railer Car had a dual nature: it was designed to operate on railways as well as highways. But that does not exclude it from coverage. The insurance policy covered all "rolling stock" and did not distinguish between rolling stock riding on rails and rolling stock riding on roads. For this reason, the cases from various states that Columbia cites for the proposition that a court must look to the manner in which the property was being used at the time of the loss do not govern this case. The High Railer Car falls within the definition of "rolling stock" whether it was operating on the railway or on the highway, because Columbia never differentiated between the two in the insurance policy.

Columbia argues that the policy covered only *"railroad* rolling stock" and that at the time of the accident, the High Railer Car was not being used as railroad rolling stock. But the term "railroad rolling stock" appears only in the title of the endorsement; the specification in the endorsement of the property that is covered contains no such limitation. The heading does not modify the coverage provided by the language of the policy. *See Town of Wallingford v. Hartford Accident and Indemnity Co.,* 231 Conn. 301, 305 n.4, 649 A.2d 530, 533 n.4 (1994); *accord, Ott v. All-Star Insurance Corp.,* 99 Wis. 2d 635, 645, 299 N.W.2d 839, 844 (1981) (Wisconsin law). Even if we were to consider the heading as part of the substantive provisions of the policy, the phrase "railroad rolling stock" in the title does

5

not necessarily mean that the coverage extends only to rolling stock used *on* a railroad; rather, the heading may simply mean that the endorsement is one that covers rolling stock *for* railroad companies – so as to distinguish it from (for example) a "trucking company rolling stock" endorsement. This ambiguity would cut in favor of Sperry, the insured, *see, e.g., Community Action for Greater Middlesex County, Inc. v. American Alliance Insurance Co.,* 254 Conn. 387, 399, 757 A.2d 1074, 1081 (2000), meaning that the outcome would not change even if we were to consider the heading as modifying the coverage provided by the endorsement.

Columbia also argues that the High Railer Car is not covered by virtue of the "Property Not Covered" provision quoted earlier, which excludes coverage for "motor vehicles designed for highway use." But that provision clearly states that such motor vehicles are not covered "except as provided under A: Property Covered," the section which extends coverage to all "rolling stock." Thus property like the High Railer Car which is covered under Section A is not affected by the "Property Not Covered" provision.

For these reasons, Sperry is entitled to summary judgment on the issue of coverage. And because Sperry claims that it lost income as the result of the damage to the High Railer Car, its lost business income is covered by virtue of the "Railroad Business Income Coverage" endorsement.

## Conclusion

The Court grants Sperry's motion for partial summary judgment [Docket No. 11-1] and denies Columbia's motion for partial summary judgment [15-1]. The case is set for a status hearing on August 30, 2001 at 9:30 a.m. at which time the Court will expect the parties to advise the Court whether this ruling is dispositive of the case, or if not, what remains to be

litigated.

Dated: August 18, 2001

MATTHEW F. KENNELLY
United States District Judge